**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

ISAAC DAVIS,                       :

      Plaintiff,             :

vs.                              :       CA 21-0044-CG-MU

JUSTIN HOLIFIELD, et al.,       :

      Defendants.

## REPORT AND RECOMMENDATION

On December 1, 2021, Plaintiff filed a motion to strike all twenty-eight (28) of the affirmative defenses asserted by Defendants Brandon Breland and Justin Holifield in their Answer to Plaintiff's Amended Complaint. (Doc. 45, PageID. 193 (seeking to strike Affirmative Defenses 1-28); *compare id. with* Doc. 44, PageID. 187-191 (listing of 28 affirmative defenses)). The Defendants filed their response in opposition on December 2, 2021 (Doc. 47). This matter is ripe for a decision by the undersigned, specifically a report and recommendation, entered pursuant to 28 U.S.C. § 636(b)(1)(B), Fed. R. Civ. P. 72, and General Local Rule 72(a)(2)(S). It is recommended that Plaintiff's motion be **DENIED IN LARGE MEASURE** but **GRANTED IN PART.**

## PROCEDURAL BACKGROUND

This action arises out of the *pro se* Plaintiff's encounter with City of Chickasaw, Alabama police officers in February of 2019, after Davis' car shut off but was still in motion allowing him to steer his vehicle as far as possible in the area beside the highway. (*See* Doc. 42, PageID. 177-78). Plaintiff filed his initial complaint against Officers Brandon Breland, Justin Holifield, and a "John Doe" officer on January 27,

2021. (*See* Doc. 1). Plaintiff experienced some issues with service (*see* Docket Sheet) but ultimately served Holifield at the end of July 2021 (*see* Doc. 15) and Breland on September 9, 2021 (Doc. 19). Holifield answered Plaintiff's complaint on August 27, 2021 (Doc. 16) and Breland answered the complaint on September 22, 2021 (Doc. 22). Holifield's answer produced no response from Plaintiff (*see* Docket Sheet); however, Breland was not so lucky because, following his answer, Plaintiff, on September 27, 2021, filed a motion to strike numerous affirmative defenses Breland asserted in his Answer (*see* Doc. 28). And while the undersigned entered a briefing schedule related to Plaintiff's motion (*see* Doc. 29), that same Order advised the parties that the motion to strike would be taken up at the Rule 16(b) scheduling conference to alleviate significant briefing (*id.,* PageID. 133). The Court spoke at some length with the *pro se* Plaintiff and counsel for the Defendant on October 6, 2021 about the motion to strike, following the scheduling conference, and at the conclusion of that discussion, Mr. Davis withdrew his motion to strike. (*See* Doc. 31 (order memorializing Plaintiff's withdrawal of his motion to strike)).

It was made clear on the record that the undersigned agreed with Mr. Davis that Defendant Breland's First and Second Affirmative Defenses (*see* Doc. 22, PageID. 108 (the first being that "The Complaint fails to state a claim against this Defendant upon which relief may be granted[]" and the Second being that "Plaintiff has failed to set forth any claim or any alleged facts that would tend to show that he is entitled to any relief against this Defendant.")) are not valid affirmative defenses, *compare, e.g., Birren v. Royal Caribbean Cruises, Ltd.,* 336 F.R.D. 688, 697 (S.D. Fla. 2020) ("An assertion that a pleading fails to state a claim is not a valid affirmative defense.") *with, e.g., Jackson v. City of Centreville,* 269 F.R.D. 661, 662-63  (N.D. Ala. 2010) (noting that defenses disputing elements of Plaintiffs' case, such as a statement that "Plaintiffs' own conduct proximately caused any and all damages sought in the Amended Complaint[]" and the like, do not constitute affirmative defenses); instead, these statements are denials and are to be treated as mere denials. *See, e.g., Tsavaris v. Pfizer, Inc.,* 310 F.R.D. 678, 682 (S.D. Fla. 2015) ("When

> a defendant mislabels a specific denial as a defense, the proper remedy is to treat the claim as a denial, not to strike it."). As for the remaining affirmative defenses (5, 6, 7, 8, 9, and 11), Defendant Breland bears the burden of bringing forth facts (through discovery) to prove the applicability of these defenses. Moreover, as discovery in this action progresses, it should become apparent to Mr. Davis those affirmative defenses of Breland that may become relevant in a dispositive motion (e.g., a motion for summary judgment) or at trial.

(*Id.,* PageID. 135-36).

Plaintiff filed a motion to amend his complaint on October 15, 2021 (Doc. 35). The Court granted the motion to amend complaint (Doc. 41), over the objection of the Defendants (*see* Doc. 37). Plaintiff's Amended Complaint was docketed on November 16, 2021 (Doc. 42). The Amended Complaint "named" the "John Doe" defendant referenced in the initial complaint,[1] dropped one claim asserted in the initial complaint but added two additional claims. (*Compare* Doc. 42 *with* Doc. 1). Defendants Holifield and Breland filed their Answer to Plaintiff's Amended Complaint on November 30, 2021 (Doc. 44). In their Answer, Breland and Holifield asserted twenty-eight (28) affirmative defenses. (*Id.,* PageID. 187-91).

1. The Complaint fails to state a claim against the Defendants upon which relief may be granted.

2. Defendants reserve the right to raise different and additional defenses as discovery progresses.

3. Defendants assert the defense of statutory law enforcement immunity, including but not limited to under Alabama law pursuant to *Ala. Code* § 6-5-338.

4. Defendants plead common law discretionary function immunity.

---

[1] The undersigned simply notes that there is nothing on the docket sheet indicating that Mr. Davis has served the Amended Complaint on Defendant Quentavious Morgan (*compare* Doc. 42 (identifying Morgan as a Defendant) *with* Docket Sheet). Davis, of course, is responsible for serving the Amended Complaint on Morgan.

5.      Defendants assert the defense of state agent immunity.

6.      Plaintiff's claims are barred by the applicable statutes of limitation.

7.      Plaintiff's claims are barred for failure to comply with the applicable statute of non-claims.

8.      Defendants assert the defense of qualified immunity.

9.      Plaintiff was himself guilty of contributory negligence proximately caused and contributed to his alleged injuries and damages.

10.     Defendants plead the defense of assumption of the risk.

11.     Defendants claim the benefit of all statutes limiting liability or limiting the collection of judgments against municipalities and their employees under Alabama law.

12.     Defendants claim the protections and benefits of _Ala. Code_ § 11-47-190.

13.     Defendants claim the protections and benefits of _Ala. Code_ § 11-47-191.

14.     Defendants claim the protections and benefits of _Ala. Code_ § 11-93-2.

15.     At all times material to the allegations of the Complaint, only such force as was reasonably necessary under the circumstances was used.

16.     The imposition of punitive damages, without sufficient guidelines as to the proper circumstances for such an award or for the amount of such an award, would violate the due process guarantees of the federal and state constitutions.

17.     Plaintiff's claim for punitive damages violates the Fifth and Fourteenth Amendments of the Constitution of the United States on the following grounds:

(a) It is a violation of the due process and equal protection clauses of the Fourteenth Amendment to impose punitive damages, which are penal in nature, against a civil defendant upon the plaintiff satisfying a burden of proof

4

which is less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

(b) The procedures pursuant to which punitive damages are awarded may result in the award of joint and several judgments against multiple defendants for different alleged acts of wrongdoing which infringes the due process and equal protection clauses;

(c) The procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of the award which thereby violates the due process clause;

(d) The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages which thereby violates the due process clause;

(e) The procedures pursuant to which punitive damages are awarded result in the imposition of different penalties for the same or similar acts, and therefore violates the equal protection clause;

(f) The procedures pursuant to which punitive damages are awarded permit the imposition of punitive damages in excess of the maximum criminal fine or penalty for the same or similar conduct which thereby infringes the due process clause and the equal protection clause;

(g) The procedures pursuant to which punitive damages are awarded are unconstitutionally vague; and

(h) The award of punitive damages in this action would constitute a deprivation of property without due process of law as required by the Fifth and Fourteenth Amendments to the Constitution of the United States.

18.    Plaintiff's claim for punitive damages violates the due process provisions of the Constitution of Alabama on the following grounds:

(a) It is a violation of the due process clause to impose punitive damages, which are penal in nature, against a civil defendant upon satisfying a burden of proof less

than the "beyond a reasonable doubt" burden of proof required in criminal cases;

(b) The procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of the award;

(c) The procedures pursuant to which punitive damages are awarded are unconstitutionally vague;

(d) The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of such an award;

(e) The award of punitive damages in this case would constitute a deprivation of property without due process of law;

(f) The procedures pursuant to which punitive damages are awarded may result in the award of joint and several judgments against multiple defendants for different alleged acts of wrongdoing;

(g) The procedures pursuant to which punitive damages are awarded may result in the imposition of different penalties for the same or similar acts; and

(h) The procedures pursuant to which punitive damages are awarded permit the imposition of punitive damages in excess of the maximum criminal fine or penalty for the same or similar conduct.

19.    Plaintiff's claims are barred, in whole or in part, by the failure to mitigate damages.

20.    Defendants assert that the sole proximate cause of Plaintiff's alleged injuries and damages are events, conditions, physiology, and reactions, which could not have been reasonably anticipated in the exercise of reasonable care applicable to Defendants, and as such, Defendants can have no liability whatsoever for the complaint and causes of action asserted against them.

21.    Defendants plead[] self[-]defense.

22.    Defendants plead an intervening and/or superseding cause.

23.     The complaint fails to meet the pleading standards required by the FEDERAL RULES OF CIVIL PROCEDURE and *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007) and *Ashcroft v. Iqbal,* 556 U.S. 662 (2009).

24.     Defendants plead improper service or failure of service, and improper or failed service of process, including but not limited to Plaintiff's failure to abide by this Court's orders concerning service.

25.     The Alabama Constitution does not provide a cause of action for monetary damages.

26.     Defendants plead all immunity defenses available to police officers or peace officers under state or federal law that are not specifically set forth above.

27.     Defendants plead probable cause.

28.     Defendants plead all applicable and relevant limits on judgments and claims against municipalities and municipal actors.

(*Id.*).

On December 1, 2021, Plaintiff filed his motion to strike each of the 28 affirmative defenses set forth in the Defendants' Answer to the Amended Complaint. (Doc. 45). The Defendants joined the issue on December 2, 2021 (Doc. 47) and, therefore, this matter is ripe for a decision.

## **CONCLUSIONS OF LAW**

"An affirmative defense is generally a defense that, if established, requires judgment for the defendant even if the plaintiff can prove his case by a preponderance of the evidence." *Wright v. Southland Corp.,* 187 F.3d 1287, 1303 (11th Cir. 1999). Pursuant to Rule 12(f) of the Federal Rules of Civil Procedure, "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or

scandalous matter." *Id.*[2] And while a court generally has broad discretion when considering a motion to strike, *Tsavaris v. Pfizer, Inc.,* 310 F.R.D. 678, 680 (S.D. Fla. 2015), "motions to strike are drastic, generally disfavored remedies[,]" *Tomason v. Stanley,* 297 F.R.D. 541, 544 (S.D. Ga. 2014), citing *EEOC v. Joe Ryan Enterprises, Inc.,* 281 F.R.D. 660, 662 (M.D. Ala. 2012); *see also Tsavaris, supra* (recognizing that "striking a defense from a pleading is a drastic remedy generally disfavored by courts."), which "will usually be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties." *Barna Conshipping, S.L. v. 1,800 Metric Tons, more or less, of Abandoned Steel,* 2009 WL 1211334, *1 (S.D. Ala. May 4, 2009) (citations omitted).

The lay of the land in this area is the same today as it was in 2012, when the Middle District of Alabama in *Joe Ryan Enterprises, supra,* observed that "[t]he appropriate pleading standard for affirmative defenses is . . . an unsolved mystery in the post-*Twombly/Iqbal* world." 281 F.R.D. at 662.

> "Courts have developed two schools of thought regarding the pleading standard required for affirmative defenses, and the Eleventh Circuit has not yet resolved the split in opinion." *Ramnarine v. CP RE Holdco 2009-1, LLC,* [], 2013 WL 1788503, at *1 (S.D. Fla. Apr. 26, 2013). Some courts have concluded that affirmative defenses are subject to the heightened pleading standard of Rule 8(a), as set forth in *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), and *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). *See Moore v. R. Craig Hemphill & Assocs.,* [] 2014 WL 2527162, at *2 (M.D. Fla. May 6, 2016); *see also Adams v. JP Morgan Chase Bank, N.A.,* [] 2011 WL 2938467, at *2-3 (M.D. Fla. July 21, 2011). Other courts have

---

[2]     The rule goes on to provide that the court may act on its own or "on motion made by a party . . . within 21 days after being served with the pleading." Fed.R.Civ.P. 12(f)(1)-(2). To the extent Davis has filed this motion on the basis that these defenses "do[] not provide notice sufficient to allow Plaintiff to rebut or properly litigate the defenses[]" (Doc. 45, PageID. 193), he has misread Rule 12(f)(2) because the Defendants' "Answer to the Amended Complaint" is not a pleading to which any type of response is due from Plaintiff.

held that affirmative defenses are subject to a less stringent standard under Rules 8(b) and 8(c), and that affirmative defenses need only "provide fair notice of the nature of the defense and the grounds upon which it rests." *See, e.g., Gonzalez v. Midland Credit Mgmt., Inc.,* [] 2013 WL 5970721, at *3 (M.D. Fla. Nov. 8, 2013); *Jackson v. City of Centerville,* 269 F.R.D. 661 (N.D. Ala. 2010); *Romero v. S. Waste Sys., LLC,* 619 F.Supp.2d 1356, 1358 (S.D. Fla. 2009); *Sparta Ins. Co. v. Colareta,* [] 2013 WL 5588140, at *3 (S.D. Fla. Oct. 10, 2013); *Ramnarine,* 2013 WL 1788503, at *1.

*Birren v. Royal Caribbean Cruises, Ltd.,* 336 F.R.D. 688, 692 (S.D. Fla. 2020).[3]

In his motion, Davis has "landed" on the side of those courts which have concluded that affirmative defenses are subject to the heightened pleading standard of Rule 8(a), as set out in *Twombly* and *Iqbal*. (*See* Doc. 45). However, the undersigned disagrees with Plaintiff's position and, instead, agrees with those courts which have determined that *Twombly* and *Iqbal* "do not apply to the pleading of affirmative defenses[.]" *Joe Ryan Enterprises, supra,* 281 F.R.D. at 664. After all, the Eleventh Circuit "has not extended the pleading requirements of Rule 8(a) to affirmative defenses[,]" and, instead, has simply "stressed providing notice as the purpose of Rule 8(c)[4][.]" *Jackson v. City of Centreville,* 269 F.R.D. 661, 662 (N.D. Ala. 2010) (footnote added).[5] Indeed, in *Hassan v. United States Postal Serv.,* 842 F.2d 260 (11th Cir.

---

[3] For its part, the *Birren* court determined that "affirmative defenses are **not** subject to the heightened pleading standard elucidated in *Twombly* and *Iqbal*." 336 F.R.D. at 692 (emphasis supplied).

[4] Rule 8(c) is directed to Affirmative Defenses, providing that "[i]n responding to a pleading, a party must affirmatively state any avoidance or affirmative defense[.]" Fed.R.Civ.P. 8(c)(1). Numerous such affirmative defenses are thereafter enumerated in the rule; however, the list is not exhaustive. *See id.*

[5] In *Jackson,* the Northern District of Alabama set out three convincing reasons for finding that heightened pleading standards do not apply to affirmative defenses. 269 F.R.D. at 663.

(Continued)

1988), the appellate court in allowing the defendant to raise an affirmative defense not pled by the defendant because the plaintiff had notice of it, observed that "[t]he purpose of Rule 8(c) is simply to guarantee that the opposing party has notice of any additional issue that may be raised at trial so that he or she is prepared to properly litigate it." *Id.* at 263;  *see also Hewitt v. Mobile Research Technology, Inc.,* 285 Fed.Appx. 694, 696 (11th Cir. Jul. 22, 2008) ("When a plaintiff has notice that an affirmative defense will be raised at trial, the failure of defendant to plead the affirmative defense does not prejudice the plaintiff, and it is not error for the district court to hear evidence on the issue."); *see Blanc v. Safetouch, Inc.,* 2008 WL 4059786, *1  (M.D. Fla. Aug. 27, 2008) (recognizing that "fair notice" is paramount and, therefore, that "'a statement that "[t]his claim is barred by the statute of limitations," gives fair notice of the defenses and meets Rule 8 pleading requirements.'"). So, upon deciding that *Twombly* and *Iqbal* do not apply to the pleading of affirmative defenses, this Court, like the Middle District of Alabama in *Joe Ryan Enterprises, supra,* should apply the "extant Eleventh Circuit test: whether the defendant[]s['] pleading of [their] affirmative defenses provides the plaintiff with fair notice." 281 F.R.D. at 664.

---

First, Rule 8(a)(2) requires pleaders to "show" their entitlement to relief; Rules 8(b)(1)(A) and 8(c) only require responders to "state." Second, the Federal Rules of Civil Procedure provide an easy mechanism to remedy deficient complaints, but only a last resort for insufficient defenses, which indicates that defenses must meet less strict requirements. Defendants faced with a vague or ambiguous complaint can move for a more definite statement of a pleading under Rule 12(e). Conversely, a plaintiff faced with an insufficient answer cannot move for a more definite statement. The plaintiff must move to strike the insufficient answer under Rule 12(f), which is a rare remedy. And third, the notice requirement for Rule 8(c) has always been less stringent than the pleading requirements in Rule 8(a). Courts need not allow plaintiffs to assert claims outside their complaint; but notice to the plaintiffs allows defendants to assert defenses not in their answers.

*Id.* (internal citations omitted).

Before looking at the Defendants' Answer to Plaintiffs Amended Complaint and, more specifically, the matters asserted therein as affirmative defenses, the undersigned recognizes that certain matters (for example, a statement that the complaint fails to state a claim against the Defendants for which relief may be granted), are not valid affirmative defenses, *see, e.g., Birren, supra,* 336 F.R.D. at 697 ("An assertion that a pleading fails to state a claim is not a valid affirmative defense.").  However, because courts strongly disfavor striking portions of pleadings, courts generally view such defenses as specific denials while denying motions to strike. *Birren, supra; see also Tsavaris, supra,* 310 F.R.D. at 682 ("When a defendant mislabels a specific denial as a defense, the proper remedy is to treat the claim as a denial, not to strike it."); *Tomason, supra,* 297 F.R.D. at 546 ("Other courts in similar situations [because Rule 12(b) allows a Defendant to assert the substance of a failure to state a claim defense in his Answer] have acknowledged that while failure to state a claim is not an affirmative defense, it may serve as a specific denial. . . . Therefore, the Court **DENIES** the Motion to **Strike** the First Defense but views that defense as a denial.").

A.    <u>Analysis</u>. With these principles in mind, the Court considers the 28 statements contained in the Defendants' Answer to Amended Complaint asserted as Affirmative Defenses, all in groups.

1.    <u>Affirmative Defenses 6, 9, and 10</u>. In Affirmative Defense 6, Defendants claim Plaintiff's claims are barred by the applicable statutes of limitations; in Affirmative Defense 9, Defendants aver Plaintiff was guilty of contributory negligence which proximately caused and contributed to his injuries and damages; and in Affirmative Defense 10, the Defendants plead the defense of assumption of the risk. These

statements are affirmative defenses as they are each contained in Fed.R.Civ.P. 8(c)(1)'s listing of affirmative defenses. *See id*. In addition, Plaintiff raises five counts in his complaint, alleging constitutional (both the U.S. Constitution and Alabama's Constitution) or civil rights violations, as well as apparent state-law claims for assault and battery and negligent involvement in an unlawful arrest,  arising out of Plaintiff's "encounter/"altercation" with the Defendants (Chickasaw Police Officers) in February of 2019 after Plaintiff's car lost power and he was forced to park it in a manner that presented a potential hazard to traffic (the police officers ultimately grabbing Plaintiff and placing him in cuffs after he refused to produce his identification). (*See generally* Doc. 42). The conduct at issue is clear, *see Jackson, supra,* 269 F.R.D. at 662, so these defenses give Plaintiff fair notice of issues that may be raised at trial, and he may be prepared to properly litigate those defenses.[6] In reaching this conclusion, the undersigned would simply reiterate that the *Bell Atlantic Corp. v. Twombly* standard referenced in Plaintiff's motion to strike these defenses (*see* Doc. 45, PageID. 196 & 197) is inapplicable to affirmative defenses. Accordingly, Plaintiff's motion to strike Affirmative Defenses 6, 9, and 10 should be **DENIED**.

2. **Affirmative Defenses 3, 4, 5, and 8.** In Affirmative Defense 3, Defendants assert statutory law enforcement immunity, *see* Ala.Code § 6-5-338; in Affirmative Defense 4, Defendants plead common law discretionary immunity; in Affirmative Defense 5, Defendants assert state agent immunity; and in Affirmative

---

[6]     And, of course, the manner in which Davis can prepare to litigate those defenses at trial is by utilizing the discovery tools available to him (that is, interrogatories, requests for production, requests for admission, and deposition testimony).

Defense 8, Defendants assert qualified immunity. There can be little question but that qualified immunity is an affirmative defense, *see Duncan v. Bibb County Sheriff's Dep't,* 471 F.Supp.3d 1243, 1254 & 1256 (N.D. Ala. 2020) (qualified immunity is an affirmative defense), nor can there be any question but that the state immunities asserted are affirmative defenses, *compare, e.g., Brown v. City of Huntsville, Alabama,* 608 F.3d 724, 740-41 & 741  (11th Cir. 2010) (recognizing doctrine of state-agent immunity under Alabama law and the defense of statutory discretionary-function immunity) *with Grider v. City of Auburn, Alabama,* 618 F.3d 1240, 1254 (11th Cir. 2010) ("As for Plaintiffs' state-law claims, Alabama recognizes two types of state law immunity: [common law] 'state-agent immunity' and 'discretionary function immunity.'"). Accordingly, the motion to strike is **DENIED** as to Affirmative Defenses 3 (statutory law enforcement immunity), 4 (common law discretionary function immunity), 5 (state agent immunity), and 8 (qualified immunity), for the same reasons previously articulated regarding Affirmative Defenses 6, 9, and 10, *supra.* These "immunity" defenses satisfy notice pleading and give Plaintiff fair notice of issues that may be raised at trial so that he is prepared to properly litigate those defenses.

> 3.   **Affirmative Defenses 2, 11, 26, and 28**.  In Affirmative Defense 2, Defendants specifically reserve the right to raise different and additional defenses as discovery progresses; in Affirmative Defense 11, Defendants broadly claim the benefit of all statutes limiting liability or the collection of judgments against municipalities and their employees under Alabama law; in Affirmative Defense 26, Defendants broadly attempt to plead all immunity defenses available to police officers or peace officers under state or federal law not otherwise specifically set forth; and in Affirmative Defense

28, Defendants attempt to plead all applicable and relevant limits on judgments and claims against municipalities and municipal actors. These statements, of course, are not affirmative defenses at all; instead, they are more in the nature of reservations of rights. *See, e.g., Abajian v. HMSHost Corp.,* 2020 WL 1929134, \*8 (S.D. Fla. Apr. 21, 2020). However, this Court should **DECLINE** Plaintiff's invitation to strike these statements because "[t]he decision whether to allow amendment other than as of right rests within the Court's discretion[]" and, therefore, a "reservation of rights within an answer is essentially meaningless and does not prejudice [a party] in any way or somehow confer a right to amend . . . without the Court's approval." *Id.* (citations and quotation marks omitted). Stated somewhat differently, there is no need to strike the statements in Affirmative Defenses 2, 11, 26, and 28 because they are meaningless, and Plaintiff need not concern himself about anything to do with these statements unless and until this Court's grants the Defendants leave to amend their answer[7] (which will require the Defendants to offer much more specificity than what is in the present statements).[8]

    **4.**    <u>**Affirmative Defenses 1 and 23**</u>.  In Affirmative Defense 1, Defendants aver that the Amended Complaint fails to state a claim against them upon which relief may be granted and Affirmative Defense 23 merely states the same thing in a different manner by averring that the Amended Complaint fails to satisfy the pleading standard required by the Federal Rules of Civil Procedure as delineated in *Bell Atlantic Corp. v.*

---

[7]    To the extent the Defendants are allowed to amend their Answer with respect to Affirmative Defenses11 and 28, all references to municipalities should be eliminated because Plaintiff has not sued the City of Chickasaw and, indeed, has sued Officers Holifield, Breland, and Morgan solely in their individual capacities. (*See* Doc. 42, PageID. 176).

[8]    The Defendants are reminded that any amendment to their Answer and Affirmative Defenses (*see* Doc. 44) must comply with Fed.R.Civ.P. 15.

*Twombly,* 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) and *Ashcroft v. Iqbal,*

556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). As the undersigned previously

recognized in the Order entered on October 6, 2021 (*see* Doc. 31), statements like

those contained in Affirmative Defenses 1 and 23 are not valid affirmative defenses,

*compare Abajian, supra,* at *3 (treating similar statements as specific denials and

declining to strike same) *with Birren, supra,* 336 F.R.D. at 697 ("An assertion that a

pleading fails to state a claim is not a valid affirmative defense."). However, these

statements should not be stricken but, instead, should be treated as denials because

they are, in fact, denials. *See, e.g., Tsavaris, supra.,* 310 F.R.D. at 682 ("When a

defendant mislabels a specific denial as a defense, the proper remedy is to treat the

claim as a denial, not to strike it."). Accordingly, the undersigned **RECOMMENDS** that

Affirmative Defenses 1 and 23 be treated as specific denials and, therefore, they should

not be stricken.

     **5.**    **Affirmative Defenses 16, 17, and 18.**  Defendants' Affirmative Defenses

16, 17, and 18 all contain statements directed to Plaintiff's request for punitive

damages. As in *Abajian, supra,* "'[p]unitive damages are not a separate cause of action

but part of a plaintiff's prayer and, as such, cannot separately support affirmative

defenses.'" *Id.* at *5, quoting *Tarasewicz v. Royal Caribbean Cruises, Ltd.,* 2015 WL

1566398, *2 (S.D. Fla. Apr. 8, 2015). However, "to the extent theses defenses seek to

deny the allegations stated in the [Amended] Complaint which would substantiate

Plaintiff's request for punitive damages," *Abajian, supra,* at *5, the undersigned

**RECOMMENDS** that they not be stricken but, instead, be treated as specific denials.

*See id.* (denying motion to strike affirmative defenses challenging the Plaintiff's

entitlement to punitive damages). Accordingly, like Affirmative Defenses 1 and 23, these affirmative defenses should be treated as specific denials, and they should not be stricken.

6.   **Affirmative Defenses 15, 19, 20, 21, 22, 24, and 27.** In Affirmative Defense 15, Defendants aver that they only used such force as was reasonably necessary under the circumstances; in Affirmative Defense 19, Defendants aver that Plaintiff's claims are barred by the failure to mitigate damages; in Affirmative Defense 20, Defendants aver that the sole proximate cause of Plaintiff's injuries and damages were events, conditions and reactions that could not have been reasonably anticipated in the exercise of reasonable care; in Affirmative Defense 21, Defendants plead self-defense; in Affirmative Defense 22, Defendants plead an intervening and/or superseding cause; in Affirmative Defense 24, Defendants plead improper service or failure of service and improper or failed service of process; and in Affirmative Defense 27, Defendants plead probable cause. The undersigned **RECOMMENDS** that the Court find that all of these statements constitute either affirmative defenses placing Plaintiff on notice of the defenses or, at the very least, specific denials related to the claims asserted by Davis in his Amended Complaint. *See Duncan, supra,* 471 F.Supp.3d at 1258-59 (recognizing that in determining whether excessive force was utilized in the course of making a "seizure," of a person, the question to be answered is whether the force used was reasonable under the Fourth Amendment); *Abajian, supra,* at *6 (finding failure to mitigate an affirmative defense); *Birren,* 336 F.FR.D. at 693 (finding similar language as that contained in Affirmative Defense 20 to represent an affirmative

defense because it was a statement that Plaintiff's own negligence caused his injuries);[9]

*Ex parte Teal,* 2021 WL 1326312, *2 (Ala. Apr. 9, 2021) (recognizing that self-defense is

an affirmative defense to claims of assault and battery and negligence); *Birren, supra,*

336 F.R.D. at 697 (recognizing that pleading an intervening or superseding cause is an

affirmative defense); Fed.R.Civ.P. 12(b)(1)(B)(ii) (recognizing that the service defenses

raised in Affirmative Defense 24 are waived if not included in an answer); and *Rogers v.

City of Selma*, 178 F.Supp.3d 1222, 1236 (S.D. Ala. 2016) ("'Probable cause exists

where the facts and circumstances within the collective knowledge of the law

enforcement officials, of which they had reasonably trustworthy information, are

sufficient to cause a person of reasonable caution to believe an offense has been or is

being committed.' . . . 'Probable cause does not require the same type of specific

evidence of each element of the offense as would be needed to support a conviction.' . .

. Instead, it is a nontechnical, pragmatic approach that evaluates the facts of the case

using the totality of the circumstances."). Accordingly, the undersigned **RECOMMENDS**

that Plaintiff's motion to strike, as it relates to Affirmative Defenses 15, 19, 20, 21, 22,

24, and 27, be **DENIED.**[10]

---

[9]     If the Defendants in this case stake the position that the statement in Affirmative Defense 20 means something other than that the Plaintiff's own negligence caused his injuries, then the undersigned would **RECOMMEND**, in that event, that the Defendants amend their answer to so state with more specificity what they mean.

[10]     Plaintiff contends, with respect to Affirmative Defense 27, that probable cause "bears no connection to any cause of action" in this case (Doc. 45, PageID. 201); however, the undersigned is not comfortable with Plaintiff's argument in this regard, particularly given his claim of a Fourth Amendment violation (*see* Doc. 42, PageID. 179), and it being clear that only an "'arrest without probable cause to believe a crime has been committed violates the Fourth Amendment.'" *Rogers, supra,* 178 F.Supp.3d at 1236, quoting *Madiwale v. Savaiko,* 117 F.3d 1321, 1324 (11th Cir. 1997) (other citation omitted).

7.     **Affirmative Defenses 7, 12, 13, 14, and 25**.  In Affirmative Defense 7, the Defendants aver Plaintiff's claims are barred for failure to comply with the applicable statute of non-claims; in Affirmative Defenses 12, 13, and 14, Defendants claim the benefits and protections of Ala.Code §§ 11-47-190, 11-47-191, and 11-93-2, respectively; and in Affirmative Defense 25, Defendants aver that the Alabama Constitution does not provide a cause of action for monetary damages. These defenses should be **STRICKEN** because Plaintiff's Amended Complaint names as Defendants only Officers Holifield, Breland, and Morgan and sues them solely in their individual capacities, not their official capacities, and nowhere names as a Defendant the City of Chickasaw. (Doc. 42, Page ID. 176 (suing as defendants, Officers Jason Holifield, Brandon Breland, and Quentavious Morgan, not the City of Chickasaw; the Plaintiff simply recognizing that the three defendants were police officers employed by the City of Chickasaw but clearly avers that "Holifield, Breland, and Morgan are sued in their individual capacity")). Caselaw recognizes the "bar" of the non-claims statute and, further, that the failure to satisfy the non-claims statute precludes suit against municipalities and their officers sued in their official capacities, but not against persons sued in their individual capacities. *Palmer v. City of East Brewton,* 2010 WL 231513, *5 (S.D. Ala. Jan. 14, 2010). Moreover, Ala.Code §§ 11-47-190 and -191, are directed solely to municipal liability (or actions against municipalities), *see id.,* and the Alabama Supreme Court in *Suttles v. Ray,* 75 So.3d, 90, 96-98 (2010), recognized that Ala.Code § 11-93-2 provides a $100,000 cap for recovery against a governmental entity and went on to hold that an individual sued only in his individual capacity does ***not*** seek to recover damages from a governmental entity. And, finally, in *Ogburia v. Alabama*

*Agricultural & Mechanical University,* 2008 WL 11379978 (N.D. Ala. Jan. 7, 2008), the Court implicitly recognized the statement in Affirmative Defense 25 as a defense to claims for monetary damages against individuals in their official capacities but not for claims against defendants in their individual capacities for monetary damages. *See id.* at *18-20. So, given that Plaintiff has not sued the City of Chickasaw and has only sued Officers Holifield, Breland, and Morgan in their individual capacities (not their official capacities), Affirmative Defenses 7, 12, 13, 14, or 25 appear to have no application to this case. Therefore, the undersigned **RECOMMENDS** that Plaintiff's motion to strike these identified affirmative defenses be **GRANTED** and that Affirmative Defenses 7, 12, 13, 14, and 25 be **STRIKEN** from the Defendants' Answer to Amended Complaint, unless these Defendants can demonstrate to the Court that these "defenses" do indeed have some relevance to the instant case.

## CONCLUSION

For the reasons articulated in this report and recommendation, Plaintiff's motion to strike (Doc. 45) is due to be **GRANTED IN PART** but **DENIED IN LARGE MEASURE.** Affirmative Defenses 7, 12, 13, 14, and 25 should be **STRICKEN;** however, the motion to strike is **DENIED** as to Affirmative Defenses 1-6, 8-11, 15-24, and 26-28. The motion to strike Affirmative Defenses 3-6 and 8-10 should be denied because these statements are, in fact, affirmative defenses which give Plaintiff fair notice of the issues that may be raised at trial so that he may be prepared to properly litigate these defenses; Affirmative Defenses 2, 11, 26, and 28 are not affirmative defenses but, instead, are more in the nature of reservations of rights, and these statements should not be stricken, however, because they are meaningless and the Plaintiff need only

concern himself with them if the Defendants are granted leave to amend their Answer; Affirmative Defenses 1 and 23 are also not affirmative defenses but are specific denials of all of Plaintiff's claims raised in the Amended Complaint and, therefore, should be treated as specific denials and not stricken; Affirmative Defense 16-18 are also not affirmative defenses but, instead, are specific denials regarding Plaintiff's entitlement/request for punitive damages and should be treated as specific denials and not stricken; Affirmative Defenses 15, 19-22, 24, and 27 are either affirmative defenses placing Plaintiff on notice of the issues that may be raised at trial so that he may be prepared to properly litigate these defenses or, at the very least, specific denials related to the claims asserted by Davis in his Amended Complaint and, therefore, Plaintiff's motion  to strike them should be denied.

## **NOTICE OF RIGHT TO FILE OBJECTIONS**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(b); S.D. Ala. GenLR 72(c)(1) & (2). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal

for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this the 9th day of December, 2021.

s/P. Bradley Murray
**UNITED STATES MAGISTRATE JUDGE**